David S. Blau (State Bar No.166825)
David M. Morrow (State Bar No.175776)
LAW OFFICES OF DAVID S. BLAU
6080 Center Drive, Suite 210
Los Angeles, California 90045
Telephone: 310/410-1900
Facsimile: 310/310-1901
david@blaulaw.net

Attorneys for Plaintiffs,
Louisiana Riverwalk, LLC, and
Riverwalk Manager, LLC

NOTE CHANGES MADE BY THE COURT.

NOTE CHANGES MADE BY THE COURT.

FILED
CLERK, U.S. DISTRICT COURT
FEB 14 2008
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Louisiana Riverwalk, LLC, et al.,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>Carolina Casualty Insurance Company, et al.,<br><br>　　　　Defendants. | Case No. CV 07-6106 DSF (CWx)<br><br>STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE CONFIDENTIALITY OF DOCUMENTS AND OTHER INFORMATION |

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiffs Louisiana Riverwalk, LLC ("Riverwalk"), and Riverwalk Manager, LLC ("Riverwalk Manager") (collectively "Plaintiffs"), and Defendant Carolina Casualty Insurance Company ("Defendant" or "Carolina Casualty"), by and through their respective attorneys of record, as follows:

**I.   RECITALS**

　　A.　　Plaintiffs commenced this action by the filing of a complaint against Defendant on June 1, 2007, in the Los Angeles County Superior Court, and Defendant subsequently removed the case to the above-named District Court.

- 1 -

B. The discovery and pre-trial phase of this action may involve the disclosure of information and documents which a party believes to be protected as trade secrets, and/or other confidential and proprietary business and financial information.

C. The parties therefore stipulate and request that Court enter the following order pursuant to Federal Rule of Civil Procedure 26(c), California Civil Code section 3426.5, California Evidence Code section 1060, et. seq., and applicable decisional law regarding the treatment of confidential information.

## II. STIPULATION

A. <u>Proceedings and Information Governed</u>. This Stipulation and Order will govern any document, information, or other thing furnished or produced by any party, including third parties, to any other party in connection with this action, which may be produced in this action and designated by the producing party as "confidential information or material" as defined below. The information protected includes, but is not limited to, information contained in initial disclosures, responses to demands for identification and production of documents or other things; responses to interrogatories; responses to requests for admission; deposition testimony and exhibits; and all copies, extracts, summaries, compilations, designations, and portions of the foregoing.

B. <u>Confidential Information or Material Defined</u>.

(1) For purposes of this stipulation and accompanying order, "confidential information or material" will mean all information or material that:

(a) Is produced for or disclosed to a receiving party (any Plaintiff or any Defendant); and

(b) A party (any Plaintiff or any Defendant) reasonably and in good faith believes to constitute or contain trade secrets (as that term is defined in California Civil Code section 3426.1(d), and as interpreted by the state courts in

- 2 -

California) or otherwise constitutes business proprietary and/or confidential material, or other confidential research, development, or commercial information, whether embodied in physical objects, documents, or other factual knowledge of persons, and include writings and information developed by the parties in the course of their commercial operations, and contain information the parties believe has commercial value, and have attempted to keep confidential; and

(c) Has been designated as confidential information by the producing party in compliance with this Stipulation and Order, and in advance of its production.

(2) The restrictions of this stipulation and order will not apply to any information or material that:

(a) At the time of disclosure to a "qualified recipient" (as defined below) is in the public domain, in a form the same or substantially similar to that disclosed to the qualified recipient;

(b) After disclosure to a qualified recipient becomes part of the public domain, in a form the same as or substantially similar to that disclosed to the qualified recipient, as a result of publication not involving a violation of this stipulation and order;

(c) A qualified recipient can show was received by, or available to, it from a source who lawfully obtained the information or material, in a form the same or substantially similar to that disclosed to the qualified recipient, and not under any obligation of confidentiality; or

(d) The qualified recipient can show was independently developed by it, or by some third party, after disclosure.

C. <u>Designation of Confidential Information or Material</u>. The producing party may designate confidential information by stamping or affixing to the physical objects, documents, discovery responses, or deposition transcripts a

- 3 -

stamp or other inscription that states: "Confidential" and the case number - "United States District Court, Central District of California, Case No. CV 07-6106 DSF (CWx)."

For written material, documents, or other tangible items, the designation of confidential information or material must be made when the material is produced to the receiving party. The designation of any particular page of written material shall indicate that all information contained on that page is designated "confidential" unless otherwise indicated.

For information not reduced to written material, document, or other tangible item, or information that can not be conveniently designated as set forth in this paragraph, the producing party must designate the confidential information by giving written notice to the receiving party at the time the confidential information is produced. The written notice must clearly identify that part of the information being produced that is designated as confidential.

D.   <u>Party's Own Information.</u> The restrictions on the use of confidential information established by this stipulation and order apply only to the use by a party of confidential information received from another party to this action, or from a non-party to this action, and shall not apply to the use by a party of his/her/its own information.

E.   <u>Persons Authorized to Receive Confidential Information and Material.</u> For purposes of this Stipulation and Order, the term "qualified recipient" of information and material that has been designated pursuant to the terms of this stipulation and order shall mean:

(1)   The parties to this action, including officers, directors, and other employees of the party to whom disclosure of confidential information is deemed necessary by that party for purposes of this action only;

(2)   The attorneys of record in this action, attorneys employed

- 4 -

STIPULATION AND PROTECTIVE ORDER

in-house by or on behalf of the parties, any attorneys retained by the parties in this action to consult on the litigation, their respective partners, associates, clerks, legal assistants, secretaries, and stenographic and support personnel, and such other persons retained by such attorneys to provide litigation support services in this action;

        (3) Experts and consultants, consistent with the provisions of paragraph 10 below;

        (4) Any person who was author of the document or information, was an addressee of the document or information, or who was otherwise involved in the creation and/or preparation of the document or information;

        (5) Any other person, entity or firm who may be later designated by written agreement of all parties to this action or by order of the Court, obtained on notice of motion (or on such shortened time as allowed by the Court) permitting such disclosure, or who otherwise obtain authorization to receive confidential information in accordance with this stipulation and order; and

        (6) Any persons to whom the Court in this action orders that disclosures may be made.

All persons identified in subparagraphs (3) through (6) above shall complete and sign a declaration in the form of Attachment "A" to this stipulation and order, stating that he or she has read and understands the terms of this stipulation and order and agrees to be bound by its terms. The person's signature shall be and hereby is intended to cover employees of such persons to whom it is necessary that the information and/or material be disclosed for purposes of this action. Each person to whom disclosure of confidential information is made agrees to be subject to the jurisdiction of this Court solely for purposes of proceedings relating to that person's performance under, compliance with, or violation of this order. The original executed declaration shall be maintained by the attorney of

- 5 -

1 record for the party causing the disclosure, and shall be made available for
2 inspection by any other party on three (3) days prior written notice, except as
3 provided in Paragraph 10 herein below.
4    F.    <u>Challenges To and Removal of Confidential Designation</u>. Nothing in
5 this Stipulation and Order shall preclude any party from challenging a designation
6 of any information or material as "confidential" by any other party. If designated
7 by a party as "confidential," information and material will be so treated for all
8 purposes, and shall continue to be treated as confidential unless and until the court
9 rules to the contrary. Any party may challenge or object to the designation as
10 "confidential" of any information and material and/or seek removal of particular
11 items of confidential information from this order by giving counsel for all other
12 parties written notice of his/her/its intent to seek removal within twenty (20) days
13 of receipt of the information or material, which notice shall contain and be
14 supported by reasons for the removal, and specify the items of
15 confidential information and material for which removal is sought. The written
16 notice shall have attached a copy of such designated material or shall identify each
17 subject document by production number or deposition by page number and shall
18 (a) state that the receiving party objects to the designation, and (b) set forth the
19 particular reasons for such objection. Counsel for the objecting party shall then
20 initiate a conference in good faith in an effort to resolve any dispute concerning
21 such designation. If the objection cannot be resolved by agreement within ten (10)
22 business days of the date of service of the objection, the party objecting to the
23 "confidential" designation may make a motion or ex parte application to the court,
24 subject to the rules applicable to motions and ex parte applications generally, to
25 declassify such information. No party to the action shall be deemed by treating
26 information as confidential to have conceded that the information actually is
27 confidential.
28

For purposes of this Stipulation and Order, "receipt" of an objection made pursuant to this paragraph shall mean on completion of transmission, if service is made by facsimile, on delivery, if service is made personally, two days after mailing, if service is made by express mail or other means of overnight delivery, and three days after the date of mailing, if service is made by regular mail.

G.  <u>Use of Confidential Information and Material</u>. Any information or material designated as "confidential" will be handled by the receiving party, and all other parties who receive copies of said information and/or material, in accordance with the terms of this stipulation and order. Information and material designated as "confidential" will be held in confidence by each receiving party, will be used by each receiving party for purposes of this action and trial only and not for any business, competitive or other purpose unless agreed to in writing in advance by all parties to this action or as authorized by further order of the court, and will not be disclosed to, or the substance discussed with, any person who is not a qualified recipient, except as provided in this order.

H.  <u>Copies of Confidential Information and Material</u>. Nothing in this stipulation and order shall prevent or otherwise restrict a qualified recipient from making working copies, abstracts, summaries, digests and analyses of confidential information for use in connection with this action. All working copies, abstracts, summaries, digests and analyses will be considered confidential information under the terms of this order.

I.  <u>Transmission of Confidential Information and Material</u>. Nothing in this stipulation and order shall prevent or otherwise restrict the transmission or communication of confidential information between or among qualified recipients.

J.  <u>Disclosure to Experts and Consultants</u>. If, in the exercise of his/her/its sole discretion, a qualified recipient determines it necessary to disclose a producing party's confidential information to an independent (i.e., not party-

- 7 -

1  affiliated) technical or business expert or consultant retained by the qualified
2  recipient or his/her/its attorneys to assist in this action, whether or not such person
3  is designated to testify as an expert at trial, the qualified recipient, prior to
4  providing any confidential information to the expert or consultant, will require the
5  expert or consultant to complete and sign a declaration in the form of attachment
6  "A" to this Stipulation and Order, stating that he or she has read and understands
7  this order and agrees to be bounds by its terms.

8  After the parties designate the experts expected to testify at trial, the
9  designating parties who have disclosed confidential information to any designated
10 experts or consultants pursuant to this section shall, at the request of any other
11 party, provide the requesting party or parties with a copy of all acknowledgment
12 forms completed and signed by the experts or consultants who received the
13 confidential information or material.

14  K.  <u>Court Proceedings</u>. ~~Pleadings, motions, or other documents to be~~ The filing of documents with the Court must comply with Local Rule 79-5 and governing law. ~~filed with the Court in this action that contain or annex confidential information or~~
16 ~~documents must be filed under seal, and with prior approval by the Court in a~~
17 ~~manner consistent with United States District Court, Central District of California~~
18 ~~Local Rule 79-5. Simultaneous with the filing of any documents under seal in this~~
19 ~~action, a redacted version must also be filed for public viewing, omitting only~~
20 ~~those materials as the Court has approved to be filed under seal. The authority for~~
21 ~~the filing under seal shall appear on the title page of the proposed filing, and the~~
22 ~~confidential information or documents will be filed in a sealed envelope or other~~
23 ~~container on which will be endorsed the title of the action to which it pertains, an~~
24 ~~indication of the nature of the hearing, proceeding or other action to which it~~
25 ~~pertains, the word "Confidential" and a statement substantially in the following~~
26 ~~form: "This envelope is sealed under Order of the Court, contains confidential~~
27 ~~information, and may not be opened nor the contents revealed except by the court~~

- 8 -

or by Order of the Court." Any party seeking to file with the court pleadings, motions, or other documents that contain or annex confidential information is required to take whatever prior steps are necessary and required by the court to comply with the requirements of this paragraph, including obtaining advance leave of court, if necessary, to file such pleadings, motions, or other documents under seal. Any court hearing or other proceeding that refers to or describes confidential information will be held in camera in the court's discretion.

   L.   **Testimony.** Notwithstanding any provision of this Stipulation and Order to the contrary, any person may be examined as a witness at deposition and may testify concerning all confidential information of which the person is the author, addressee or has knowledge. If the examination concerns confidential information, the producing party will have the right to exclude from that portion of the deposition concerning the confidential information any person other than the witness, the witness's attorney(s), and qualified recipients of the confidential information. If the witness and/or his or her attorney is not a qualified recipient, then before the examination commences, the witness and his or her attorney each will be requested to complete and execute an agreement, in the form of Attachment "A" to this order, that he or she will comply with the terms of this order and maintain the confidentiality of the confidential information disclosed during the course of the interview or examination. If the witness and/or his or her attorney declines to sign the agreement, the producing party has the right to adjourn the examination to promptly seek a further protective order from the court prohibiting the witness and/or his or her attorney from disclosing the confidential information.

   Any court reporter who takes down testimony in this action, through interview, examination, deposition or otherwise (collectively "deposition"), will be given a copy of this Order and will be required to agree on the transcript of the

1  deposition, that he or she will not disclose any testimony and/or information
2  revealed at the deposition, except to the attorneys of record for the parties in this
3  action or to such other qualified recipients as the attorneys of record for the parties
4  so designate in writing to the court reporter. A party contending that any portion
5  of the transcript of a deposition, or any exhibit thereto, constitutes confidential
6  information subject to this order shall notify all other parties and the court reporter
7  of such designation at the deposition, and any such designated portion(s) of a
8  deposition transcript, including the original and copies of the deposition transcript,
9  and exhibits, will be considered to constitute confidential information subject to
10 this order, and will be conspicuously marked as described below. Any disputes
11 over this designation, in whole or in part, will be resolved through the procedure
12 and in accordance with Paragraph F, above, for challenges to the designation as
13 confidential information. Once resolved, or if no challenge is made, the reporter
14 will promptly conform the original transcript, and counsel will conform their
15 copies of the transcript in accordance with the agreed-upon or resolved
16 designation. The portions designated as confidential will thereafter be bound in a
17 separate booklet, conspicuously marked on the cover thereof with the words
18 "CONFIDENTIAL - SUBJECT OF PROTECTIVE ORDER," and shall be treated
19 as confidential information subject to this order.

20        M.    Subpoenas. If any person or party having possession, custody, or
21 control of any confidential information receives a subpoena or other process or
22 order to produce confidential or special confidential information, he/she/it will
23 promptly:
24              (1)    Notify in writing all attorneys of record;
25              (2)    Furnish those attorneys with a copy of the subpoena or other
26 process of order; and
27              (3)    Provide reasonable cooperation with respect to a procedure to
28                                          - 10 -

protect the confidential information sought to be pursued by the party whose interests may be affected. If the party asserting confidentiality makes a motion to quash or modify the subpoena, process, or order, there will be no disclosure, process, or order until the Court has ruled on the motion, and then only in accordance with the ruling. If no motion is made despite a reasonable opportunity to do so, the person or party receiving the subpoena or other process or order will be entitled to comply with it if the person or party has fulfilled its obligations under this order.

N. <u>Attorneys' Actions</u>. Nothing in this Order will bar or otherwise restrict an attorney who is a qualified recipient from:

(1) Rendering advice to his or her client with respect to this action; or

(2) Generally referring to or relying on his or her examination of documents that have been produced under this order and that contain confidential information.

O. <u>No Waiver</u>. The taking of, or the failure to take, any action to enforce the provisions of this order, or the failure to object to any designation or any such action or omission, will not constitute a waiver of any right to seek and obtain protection or relief, other than as specified in this order, of any claim or defense in this action or any other action, including but not limited to, any claim or defense that any information:

(1) Is or is not relevant, material, or otherwise discoverable;

(2) Is or is not confidential or proprietary to any party;

(3) Is or is not entitled to particular protection; or

(4) Embodies or does not embody trade secrets or confidential research, development, or commercial information of any party. In making this claim or defense, the party must comply with the procedures described in this

- 11 -

order. This order is entered without prejudice to the right of any party to apply to the Court at any time to relax or rescind the restrictions of this order, when convenience or necessity requires. The procedures set forth in this order will not affect the rights of the parties to object to discovery on grounds other than those related to trade secrets or proprietary information claims, nor will they relieve a party of the necessity of proper response to discovery devices.

P. <u>No Probative Value</u>. This Order will not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party or person with respect to any confidential information. The fact that information is designated as confidential information under this order will not be considered to be determinative of what a trier of fact may determine to be confidential or proprietary. Absent a stipulation of all parties, the fact that information has been designated as confidential information under this order will not be admissible during the trial of this action, nor will the jury be advised of this designation. The fact that any information designated confidential pursuant to this order is disclosed, used, or produced in discovery or at trial in this action will not be construed to be admissible or offered in any action or proceeding before any court, agency, or tribunal as evidence that the information:

(1) Is or is not relevant, material, or otherwise admissible;

(2) Is or is not confidential or proprietary to any party;

(3) Is or is not entitled to particular protection; or

(4) Embodies or does not embody trade secrets or confidential research, development, or commercial information of any party.

Q. <u>Return of Information and Materials</u>. At the conclusion of this action, all confidential information and materials will, on written request of the party furnishing the information:

(1) Be delivered to the party that furnished the confidential

- 12 -

information and materials; or

        (2)     Be destroyed, in which event counsel will give written notice of the destruction to opposing counsel. All confidential or special confidential information not embodied in written materials, documents, or tangible items will remain subject to this order.

    R.     <u>Court's Jurisdiction</u>. The Court retains jurisdiction to make amendments, modifications, deletions, and additions to this order as the court from time to time considers appropriate. The provisions of this Order regarding the use or disclosure of information designated as confidential information will survive the termination of this action, and the court will retain jurisdiction with respect to this Order.

    S.     <u>Notices</u>. Any of the notice requirements in this order may be waived, in whole or in part, but only a writing signed by the attorney of record for the party against whom such waiver is sought will be effective.

    T.     <u>Amendments</u>. The parties may amend this Stipulation and Order in writing and may seek to have the amendments entered by the court as part of this order.

    U.     <u>Interpretation</u>. This stipulation has been negotiated at arm's length and between and among persons sophisticated and knowledgeable in the matters dealt with in this stipulation. Accordingly, none of the parties hereto shall be entitled to have any provisions of the stipulation construed against any of the other parties hereto in accordance with any rule of law, legal decision, or doctrine, such as the doctrine of contra proferendum, that would require interpretation of any ambiguities in this stipulation against the party that has drafted it. The provisions of this stipulation shall be interpreted in a reasonable manner to effect the purposes of the parties hereto and this stipulation.

    V.     <u>Binding on all Parties/Extension to Non-Parties</u>. This stipulation,

- 13 -

upon entry as an Order of the Court, shall bind the parties represented by the undersigned counsel, the parties' agents, officers, directors, employees, and representatives who receive notice of this stipulation and order, and all other parties who appear in this case during the course of this litigation. If non-parties produce documents and desire to have them produced under the terms of this Order, the parties agree to meet and confer and, if unable to agree, the non-parties may seek amendment to the Order by motion.

Jointly submitted by:

DATED: February ___, 2008      Law Offices of David S. Blau

By: _____

David S. Blau
David M. Morrow
Attorneys for Plaintiffs
Louisiana Riverwalk, LLC, and
Riverwalk Manager, LLC

DATED: February 7, 2008        Charlston, Revich & Wollitz LLP

By: *[signature]*

Robert D. Hoffman
Attorneys for Defendant,
Carolina Casualty Insurance
Company

### ORDER

Having reviewed and considered the foregoing Stipulation of the parties, and good cause appearing for the same,

IT IS SO ORDERED.

Dated: _____        _____
                             JUDGE OF THE DISTRICT COURT

- 14 -

1  upon entry as an Order of the Court, shall bind the parties represented by the
2  undersigned counsel, the parties' agents, officers, directors, employees, and
3  representatives who receive notice of this stipulation and order, and all other
4  parties who appear in this case during the course of this litigation. If non-parties
5  produce documents and desire to have them produced under the terms of this
6  Order, the parties agree to meet and confer and, if unable to agree, the non-parties
7  may seek amendment to the Order by motion.

Jointly submitted by:

DATED: February 11, 2008          Law Offices of David S. Blau

By: _____

David S. Blau
David M. Morrow
Attorneys for Plaintiffs
Louisiana Riverwalk, LLC, and
Riverwalk Manager, LLC

DATED: February ___, 2008         Charlston, Revich & Wollitz LLP

By: _____

Robert D. Hoffman
Attorneys for Defendant,
Carolina Casualty Insurance
Company

**ORDER** as amended by the court

Having reviewed and considered the foregoing Stipulation of the parties, and good cause appearing for the same,

IT IS SO ORDERED.

Dated: February 14, 2008          _____
                                  JUDGE OF THE DISTRICT COURT

- 14 -

STIPULATION AND PROTECTIVE ORDER

# ATTACHMENT "A"

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Louisiana Riverwalk, LLC, et al., ) | Case No. CV 07-6106 DSF (CWx) |
| Plaintiffs, ) | CONFIDENTIALITY AGREEMENT |
| vs. ) | PURSUANT TO PROTECTIVE ORDER |
| Carolina Casualty Insurance Company, et al., ) | |
| Defendants. ) | |

    The undersigned hereby acknowledges that he/she has read the Protective Order agreed to by the parties and entered by the Court in the above-entitled action and understands the terms thereof, and agrees, upon threat of penalty of breach of contract and/or contempt of court, to be bound by such terms.

    In particular, the undersigned understands that the terms of the Protective Order obligate him/her to use Confidential information solely for the purposes of this litigation and any considerations of settlement hereof, and to not disclose any such Confidential information to any other person, firm or concern not known to be bound by the Protective Order.

PRINTED NAME: ADDRESS PHONE NUMBER:

Dated: _____      _____
                                                                   (Signature)

- 15 -